HUNTSMAN, ADMR., APPELLANT, v. CHESAPEAKE &
OHIO RY. CO., APPELLEE.

(No. 977—Decided November 10, 1945.)

*Messrs. Martin & Reed* and *Mr. William P. Moloney,*
for appellant.

*Messrs. Wilson & Rector* and *Mr. Henry A. Mickley,*
for appellee.

MIDDLETON, P. J.   This action comes into this court·
on appeal on questions of law from the Common Pleas
Court of Marion county.

Briefly, the amended petition sets out that Franklin
LeRoy Huntsman was driving in Columbia street in

the city of Marion, Ohio, about eleven-thirty at night on March 22, 1941; that Columbia street is intersected at approximately right angles by the tracks of the defendant railroad company; that while passing over these tracks Huntsman's automobile was struck on the northbound track by an engine which was being operated backwards and south contrawise to the traffic operated on such·track, and Huntsman was killed; that the engine was being operated without lights; that no signal by whistle or bell of the approach of the engine was given; and that the death of Huntsman was due to negligence of the defendant railroad company.

Although the amended petition sets forth many grounds of negligence, plaintiff in his brief sets out and relies on only two grounds of negligence on the part of the defendant: First, in operating its engine in the nighttime without having the same equipped with a headlight as required by law. Second, in operating its engine in the nighttime without giving signal either by the sounding of a whistle or the ringing of a bell as required by law.

To the amended petition, the defendant filed an amended answer which admits that plaintiff was the qualified and acting administrator of the decedent's estate; that plaintiff's decedent, Franklin LeRoy Huntsman, died on March 23, 1941; that defendant is a corporation as alleged; that Columbia street is a public street in Marion; that about 12 p. m., March 22, 1941, plaintiff's decedent was driving an automobile easterly on Columbia street; that when the automobile reached the intersection defendant was operating an engine toward and over such crossing which engine collided with the automobile; and that as a result of such collision plaintiff's decedent sus-

tained injuries from which he died. The amended answer then pleads a general denial.

As a second defense, defendant sets forth that the death of plaintiff's decedent resulted solely from his own negligence in that decedent, although he saw and heard, or in the exercise of ordinary care for his own safety should have seen and heard, defendant's approaching engine, he drove his automobile onto the track in front of the engine without looking or listening for its approach.

Defendant, by way of a third defense, charges plaintiff's decedent with contributory negligence.

To this amended answer the plaintiff filed a reply which is a general denial.

On these pleadings, the case was submitted to a jury and a judgment for the defendant resulted.

A motion for new trial was overruled.

Plaintiff sets forth the following assignments of error:

1. The judgment herein is contrary to law.

2. The judgment is against the manifest weight of all the evidence.

3. Error of the court in giving special requests of the defendant before argument.

4. Error of the court in the charge to the jury.

5. Error of the court in overruling the motion for new trial.

The only errors argued by plaintiff in his brief are numbers three and four.

The court, before argument, at the request of the defendant, gave the following special charges:

■ "When the employees of the defendant in charge of its locomotive approached the crossing in question and saw Franklin Huntsman also approaching the crossing in his automobile said employees had the

right to assume that Huntsman would stop before going onto the track and thus avoid colliding with the automobile.

■ "In order to find defendant guilty of negligence proximately causing the collision with the automobile of Franklin Huntsman you must find that the employees in charge of its locomotive failed to exercise ordinary care to avoid the collision after they discovered Huntsman in a position of peril."

Defendant cites as authority for those charges the case of *New York, Chicago & St. Louis Rd. Co.* v. *Kistler,* 66 Ohio St., 326, 64 N. E., 130. Although it is true that practically the same statements appear in the *Kistler case* as those given by the court in the instant case in the special charges complained of, the facts in the *Kistler case* differ decidedly from the facts in the case at issue. In the *Kistler case* the locomotive was being run forward; the collision happened in daylight; and it was conceded that the whistle for the crossing was given. There was also evidence tending to prove that the bell on the locomotive was rung. In the instant case the collision occurred at night; the locomotive was being run backwards; and there was a conflict in the evidence as to whether there was any light on the engine, whether the whistle was blown, or whether the bell was rung.

No fault can be found with the statements in the *Kistler case* in view of the facts in that case. However, the facts in the *Kistler case* and the facts in the case before this court are so different as to make the law laid down in the *Kistler case* inapplicable to the case at issue.

In the instant case, the special charge as given, while purporting to define the duty of defendant, had the effect of placing an absolute duty upon the de-

ceased to stop before going onto the track and thus avoid collision with the locomotive. It fails to take into account any claims of negligence on the part of the defendant. In effect, it charges that plaintiff's decedent saw, or in the exercise of ordinary care should have seen, the engine approaching, and heard, or in the exercise of ordinary care should have heard, the whistle signal and the ringing of the bell. In the absence of such conclusions, which upon the facts of the case were matters for determination by the jury and not by the court, there would have been no duty on the part of plaintiff's decedent to stop before going upon the tracks.

The undisputed evidence in the case is that Huntsman did not stop, and the court in so charging found Huntsman guilty of negligence which proximately caused his death. In giving such charge the court found that the defendant was not guilty of any negligence, as set out in the amended petition, even though there was a conflict in the evidence on the issue of lights and the giving of signals and a further conflict in the evidence as to whether the deceased could see the approach of the locomotive.

The court erred to the prejudice of plaintiff in giving this special charge to the jury.

The second special charge given to the jury assumes to state the care required of the defendant after it discovered Huntsman in a position of peril.

In the opinion of this court, this does not charge the doctrine of last clear chance, although it approaches such a charge very closely. Last clear chance was not an issue in the case and no issue in the pleadings warranted that charge.

The same thing is true of special charge No. 2 as is true of special charge No. 1. It removed from the consideration of the jury any issue of negligence,

claimed by plaintiff, on the part of the defendant except such negligence of defendant as might have arisen from failure to exercise ordinary care to avoid the collision after it discovered Huntsman in a position of peril.

The giving of such charge was erroneous.

The defendant claims that, although the giving of the special charges might be error, under the two-issue rule the verdict cannot be disturbed.

It is true there are two issues in the case, the issue of negligence on the part of the defendant, and the issue of contributory negligence on the part of plaintiff's decedent. Unless the special charges affect both issues, the verdict cannot be disturbed.

As stated above, the first special charge finds in effect that the collision resulted from plaintiff's decedent's own negligence and not from the negligence of the defendant. As such is the effect of this charge and as the charge as given disposed of both issues, the two-issue rule cannot apply.

Assignment of error No. 4, the only other error argued in plaintiff's brief, the court finds without merit.

For the reasons given it is the conclusion of this court that the trial court erred in the giving of the charges before argument, and consequently that the verdict is contrary to law. For the same reasons, the court erred in overruling plaintiff's motion for new trial.

The other assignments of error the court finds without merit.

The judgment of the trial court is reversed and the cause remanded for new trial.

*Judgment reversed.*

JACKSON and GUERNSEY, JJ., concur.